EXHIBIT A

JEFFREY D. GOOCH (7-5050)
**JONES WALDO HOLBROOK & MCDONOUGH, P.C.**
170 S. Main Street, Suite 500
Salt Lake City, UT 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537
jgooch@joneswaldo.com
*Attorney for Plaintiff*

FILED IN THE DISTRICT COURT
OF UINTA COUNTY, WYOMING

MAR 29 2021

KERRI WRIGHT, DEPUTY
CLERK OF DISTRICT COURT

# IN THE THIRD JUDICIAL DISTRICT COURT,
## UINTA COUNTY, STATE OF WYOMING

| | |
|---|---|
| JERAMIE MAKINEN<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL HANNEL, NUSSBAUM<br>TRANSPORTATION SERVICES INC,<br>and DOES 1-10,<br><br>Defendant | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No: 21-64<br>Judge: Joseph Bluemel |

**COMES NOW** the Plaintiff, Jeramie Makinen, by and through counsel, and

hereby complains for causes of action, alleging as follows:

## PARTIES

1.  At all relevant times hereto, Plaintiff, Jeramie Makinen, (herein after referred at as "Plaintiff") was a resident of Uinta County, State of Wyoming.

2.  At all relevant times, upon information and belief, Defendant Michael Hannel (hereinafter referred to as "Defendant Hannel") was a resident of Uinta County, State of Wyoming.

3.  At all relevant times, upon information and believe, Defendant Hannel was in the course and scope of his employment with Defendant Nussbaum Transportation Services, Inc. (hereinafter referred to as "Defendant Nussbaum".) As such, Defendant Hannel was an agent, servant, employer, employee joint venturer, partner and or/ alter egos of Defendant Nussbaum and was at all times acting within the purpose and scope of such agency, servitude, joint venture, alter ego, partnership or employment, and with authority, consent, approval and/or ratification of the remaining Defendant.

4.  Upon information and belief, Defendant Nussbaum Transportation Services, Inc. is a corporation based in McLean County, Illinois, doing business in the State of Wyoming.

5.     The Doe Defendant is liable in some manner, either by wrongful act,

omission and negligence or otherwise, for the occurrences alleged and that the injuries

alleged, in part or in whole, were legally caused by the conduct of the Doe Defendant.

### JURISDICTION AND VENUE

6.     All actions or omissions complained of herein occurred in Uinta County,

State of Wyoming.

7.     This Court has general personal jurisdiction of the Defendants because it

is a local governmental entity for Uinta County, Wyoming, conducts its business in

Uinta County, Wyoming, and has established its business and administrative offices in

Uinta County, Wyoming.

8.     Defendant Nussbaum Transportation Inc. is a federally authorized motor

carrier with MC number MC-120436, US DOT number 0071317. The US Department of

Transportation lists EvilSizor Process Services, Inc. c/o Sally Adams Reinhart, as the

registered agent in Wyoming for US DOT number 0071317, with the address of 400 East

1st Street, Suite 308, Casper WY 82601.

9.     This Court has subject matter jurisdiction of this action under W.S. § 1-5-

109 in that the cause of action arose in and the Defendant is located in Uinta County,

State of Wyoming.

10.     The amount sought herein exceeds that amount specified in W.S. § 5-9-128(a)(i), 1977 as amended and W.S. §5-3-112(a)(iii), 1977 as amended.

## GENERAL ALLEGATIONS:

11.     Plaintiff refers to and incorporates the preceding paragraphs as if fully set forth herein.

12.     On or about September 17, 2019, Plaintiff was a driver in a vehicle traveling eastbound on I-80 US 189 at approximately MP 2, Uinta County, State of Wyoming in the left lane.

13.     At or about the same time, Defendant Hannel was traveling eastbound on I-80 US 189 at approximately MP 2, Uinta County, State of Wyoming in the right lane directly next to Plaintiff.

14.     Defendant Hannel was operating a semi-truck while in the course and scope of his employment with Defendant Nussbaum Transportation Services, Inc.

15.     Defendant Nussbaum Transportation Inc. is a federally authorized motor carrier with MC number MC-120436, US DOT number 0071317.

16.     As a Federal Motor Carrier, Defendant Nussbaum Transportation Inc. is subject to the Federal Motor Carrier Safety Regulations ("FMCSRs").

17.   At all times relevant hereto, Plaintiff and Defendant Hannel were driving on public roadways.

18.   Defendant Hannel began to merge into the left lane due to an upcoming lane closure.

19.   In so doing, Defendant Hannel struck Plaintiff with the drive axle of the truck tractor, forcing Plaintiff off the road to the left.

20.   Defendant Hannel operated his motor vehicle negligently, failed to maintain proper lookout and collided with the right side of the vehicle occupied by the Plaintiff.

21.   As a result of the collision, Defendant Hannel was issued a citation for failure to yield right-of-way to another vehicle by the Investigating Officer of Wyoming Highway Patrol.

22.   The impact of the collision caused the Plaintiff to suffer multiple injuries for which he received, and is receiving, medical treatment.

## FIRST CLAIM FOR RELIEF
(Negligence)

23.   Plaintiff refers to and incorporates the preceding paragraphs as if fully set forth herein

24.     At all relevant times, Defendant Hannel was a licensed driver for the State of Wyoming and possessed a commercial driver's license to operate semi-trucks including the vehicle operated at the time of incident, under its applicable laws, rules and regulations for commercial drivers.

25.     Defendant Hannel, as a commercial truck driver, had a duty of care to exercise reasonable care and caution for traffic on the roadways in accordance with the FMCSRs as well as the customs and practices in the industry for commercial truck drivers.

26.     Defendant Hannel, as a commercial driver, had a duty to avoid injuring others under the circumstances and to protect the safety of Plaintiff and others on the public roadways on which he was operating.

27.     Notwithstanding these and other duties, Defendant Hannel breached these duties and other duties and was negligent by operating this commercial truck in a careless, dangerous, reckless and unlawful manner, in violations of applicable statutes, regulations, ordinances, codes, customs and standards.

28.     Defendant Hannel owed Plaintiff various common law and statutory duties of care. Defendant Hannel was negligent in one or more of the following respects:

a. Breaching his duty to use reasonable care at all times;

b. Breaching his duty to maintain proper control of his commercial semi-truck and to operate the vehicle as to avoid danger;

c. Breaching his duty to maintain a proper lookout for other traffic and hazards that can be reasonably anticipated;

d. Failing to comply with traffic safety laws and other statutory duties, including the duty to follow another vehicle at a distance that is reasonable and prudent under all existing conditions and circumstances; and

e. Other negligent and wrongful conduct that discovery may reveal.

29.     Defendants breached these and other duties of care.

30.     As a proximate and foreseeable result of the above-described breaches of the duties of care, and such others as discovery will reveal, Defendants harmed the Plaintiff, causing injuries that continue to this day.

31.     As a direct and proximate result of the negligence of Defendants, Plaintiff was physically injured. Said injuries have caused and will continue to cause Plaintiff great physical pain and suffering. The exact amount of such general damages is

unknown at this time and Plaintiff asks leave to amend this complaint when the true amount of such damages becomes known, or to conform to proof at the time of trial.

32.     As a direct and proximate result of the negligence of Defendants, as aforesaid, and because of the injuries incurred therefrom, Plaintiff has been and will be damaged in that it was necessary and will be necessary for Plaintiff to receive medical care and treatment.

33.     Plaintiff did incur medical and incidental expenses, and will in the future be compelled to incur additional such expenses, in an amount unknown to Plaintiff at the present time. Plaintiff asks leave to amend this complaint to allege the true amount of such damages when the same becomes known or to conform to proof at the time of trial.

34.     As a further proximate and foreseeable result of the above-described negligent acts and omissions, and the injuries incurred therefrom, Plaintiff has suffered loss of earnings and diminished capacity, and will suffer loss of earnings in the future. Plaintiff asks leave to amend this complaint to allege the true amount of such damages when the same becomes known or to conform to the proof at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Negligence Per Se Against Defendant Hannel)

35.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36.     Defendant Hannel operated his commercial truck in a negligent, careless, and unlawful manner in violation with applicable statutes, see e.g., Title 31 Chapter 18 of Wyoming Statute as well as Wyoming ordinances, codes standards, customs and rules of the road, including without limitation:

   a.     Failing to maintain a safe distance behind Plaintiff's vehicle;

   b.     Failing to operate a commercial semi-truck in a safe manner;

   c.     Failing to watch for and observe Plaintiff's vehicle causing Defendant Hannel's commercial truck to collide into Plaintiff's vehicle; and

   d.     Other negligent acts specifically prohibited/identified by applicable law that discovery may reveal.

37.     Defendant Hannel's negligent and wrongful conduct violated applicable statutes, regulations, ordinances and codes under Wyoming Law and the FMCSRs.

38.     As a direct and proximate result of Defendant Hannel's negligent and wrongful conduct in violation of Utah Law and the FMCSRs, Plaintiff suffered injuries, harms, losses, and damages.

## THIRD CLAIM FOR RELIEF
**(Respondent Superior against Defendant Nussbaum Transportation Services, Inc.)**

39.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40.     At all relevant times hereto, Defendant Hannel was acting in the course and scope of his employment with Defendant Nussbaum and/or was a statutory employee of Defendant Nussbaum.

41.     At all relevant times hereto, Defendant Nussbaum provided Defendant Hannel with the commercial semi-truck that he was operating at the time of the collision with the Plaintiff's vehicle, which was at all times owned, operated, managed, controlled, maintained and/or contracted by Defendant Nussbaum Transportation Services, Inc.

42.     Therefore, Defendant Nussbaum Transportation Services, Inc. is vicariously liable under the doctrine of *respondent superior* for all negligent, wrongful and/or unlawful conduct and liability of Defendant Hannel.

## FOURTH CLAIM FOR RELIEF
**(Negligent Hiring, Training, Supervision and Retention of Defendant Hannel by Defendant Nussbaum Transportation Services, Inc.)**

43.     Plaintiff incorporates the preceding paragraphs as though fully set forth therein.

44.     At all relevant times Defendant Nussbaum Transportation Services, Inc. had a duty to act as a reasonable and prudent employer and commercial motor carrier and provider. Upon information and belief Defendant Nussbaum Transportation Services, Inc. breached this duty and was negligent.

45.     Defendant Nussbaum Transportation Services, Inc.'s negligence includes but is not limited to the following:

    a.  In hiring Defendant Hannel to be a commercial driver;

    b.  In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Hannel;

    c.  In retaining Defendant Hannel as a commercial driver and professional driver, when it knew or reasonably should have known Defendant Hannel was careless, negligent, reckless and/or dangerous, yet did not terminate his employment;

    d.  In failing to adequately train and instruct Defendant Hannel regarding responsibilities, including but not limited to comply with federal, state and local rules, laws, ordinances, and/or company policies governing the safe operation of commercial semi-trucks;

e. In failing to properly supervise Defendant Hannel in the discharge of this duties as a driver; and

f. Other wrongful and negligent acts or omissions which may be revealed in discovery.

46.    Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence and the resulting injuries harms, losses, and damages of Plaintiff.

## CAUSATION

47.    Plaintiff realleges and incorporates all paragraphs above.

48.    The negligence, set forth above, is the direct, cause-in-fact, and proximate cause of severe injury to the Plaintiff

## DAMAGES

49.    Plaintiff realleges and incorporates all paragraphs above.

50.    As a direct and proximate result of the Defendants' negligence, Plaintiff now suffers from harms, which will be proven at the time of trial, including, but not limited to:

1. Medical Specials in an amount no less than $84,770.00 (eighty-four-thousand-seven-hundred-seventy-dollars);

2.  Physical pain and suffering in an amount to be proven at trial.

3.  Emotional pain and suffering in an amount to be proven at trial.

4.  Loss of enjoyment of life in an amount to be proven at trial.

5.  Loss of earnings and earning capacity in an amount to be proven at trial.

6.  Medical, lifecare, and related expenses in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against the Defendants in an amount to be determined by the trier of fact for the following damages:

(a)   For special and general damages to be determined by the trier or fact;

(b)   For pre and post judgment interest in all damages pursuant to Wyoming law;

(c)   For costs and attorney fees to the extent allowed by law; and

(d)     For such other relief as the Court deems appropriate.

DATED this 2⁷ day of March 2021.

                    JONES WALDO HOLBROOK & MCDONOUGH, P.C.


                    _____
                    Jeffrey D. Gooch
                    Attorneys for Plaintiff


## DEMAND FOR TRIAL BY JURY

Plaintiff, pursuant to Wyoming Rule of Civil Procedure 38, demands that a jury

hear and decide the above issues and allegations.

DATED this 24 day of March 2021.

                    JONES WALDO HOLBROOK & MCDONOUGH, P.C.


                    _____
                    Jeffrey D. Gooch
                    Attorneys for the Plaintiff